PRATHER, PLAINTIFF-APPELLEE, *v.* THE PHILLIS WHEATLEY
ASSOCIATION, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26465.   Decided October 24, 1963.

*Messrs. Roemisch & Wright, Mr. Thomas R. Chase,* for plaintiff-appellee.

*Messrs. Jamison, Ulrich, Hope, Johnson & Burt, Mr. Robert F. Lee* and *Mr. Robert F. Hesser,* for defendant-appellant.

*Per Curiam:*—This is an appeal on questions of law from a judgment of the Court of Common Pleas of this county upon a verdict returned by a jury in favor of plaintiff in a suit for personal injuries resulting from a collision of plaintiff's automobile and a "jeep" operated by an employee of the defendant.

The facts as shown by the record are that the collision occurred on September 17, 1957, at about 6:00 P. M., at the intersection of Carnegie Avenue and East 79th Street in Cleveland. Carnegie Avenue is a six lane highway extending in an east-west direction, intersected by East 79th Street, extending in a north-south direction. The intersection was controlled by a traffic signal exhibiting green, yellow and red signals. At the time in question, all six lanes of Carnegie traffic were reserved for traffic operating in an easterly direction only.

Plaintiff, operating his automobile in an easterly direction in the second lane from the southerly curb of Carnegie Avenue, arrived at East 79th Street and came to a stop in obedience to the red light of the traffic signal. All six lanes were occupied with automobiles headed east, stopped, and waiting for the change of light.

Defendant's employee was operating the "jeep" in a southerly direction on East 79th Street, approaching the intersection at Carnegie Avenue. He claimed that he entered the intersection on the green light and that at a point at or near the second

lane from the south curb of Carnegie Avenue, the collision took place between the jeep and plaintiff's automobile. Plaintiff claims he put his automobile in motion after the light changed green in his favor. The evidence is in conflict as to whether the defendant entered the intersection on the green or yellow light after the light turned red against him.

Appellant urges six assignments of error. The first assignment of error is that the court erred in refusing to give the jury, before argument, certain requests to charge submitted by defendant-appellant. Specifically, it is urged under this heading that the court refused to give special charges No. 2, No. 3 and No. 4.

Special Charge No. 2 reads:

"I hereby charge you as a matter of law that as applicable to this case an Ohio statute, Section 4511.01 (RR), Revised Code (sic), provides:

" 'Right of way' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.

"I further charge you as a matter of law that a motorist may lawfully enter an intersection controlled by a traffic signal on the green light or on the yellow light following the green light and that in so doing he is lawfully within the intersection and is entitled to the benefits of the 'right of way' statute."

There is no question that the charge on the "Right of Way" related to one of the vital issues in this case, and if the charge submitted was correct, it was the mandatory duty of the court to give it. It is obvious that the first paragraph of the charge contains the definition of "Right of Way" stated in Section 4511.01 (SS), Revised Code, and was entirely proper. As to the second paragraph of this charge and specifically the clause, "and is entitled to the benefits of the 'right of way' statute," we conclude that it is vague in that it does not advise the jury what those benefits are and fails to state the duty imposed upon a motorist who proceeds through an intersection if the light turns yellow or is yellow as he enters the intersection. The right of way accorded a motorist is not an absolute right. When the light is yellow, he may proceed through the intersection but he must do so cautiously and with due regard for the safety of

other persons lawfully within the intersection. We, therefore, hold that the court did not err in refusing this charge.

Defendant's Special Request No. 3 reads:

"I hereby charge you as a matter of law that if the vehicle of defendant Phillis Wheatley Association entered the intersection of East Seventy-ninth Street and Carnegie Avenue when the automatic traffic light governing its movement showed green, or yellow following the green, and before the vehicle operated by plaintiff Richard J. Prather had entered the intersection, that it was the duty of plaintiff Richard J. Prather to yield the right of way to the Phillis Wheatley Association vehicle to permit it to proceed through the intersection and also to use ordinary care to avoid the collision, even though the traffic light then showed green for plaintiff Richard J. Prather.

"I further charge you as a matter of law that if plaintiff Richard J. Prather did fail to yield the right of way, if any, to the defendant's jeep, or did fail to exercise ordinary care to avoid the collision, under the circumstances stated in this charge, and that such failure directly caused or contributed to cause the collision, then I charge you that plaintiff Richard J. Prather cannot recover from the defendant and your verdict must be for defendant Phillis Wheatley Association."

It is our determination and we therefore hold that this charge was proper under the evidence in this case and that refusal by the court to submit it was prejudicial error against the appellant. *Shellock,* v. *Klempay Brothers,* 167 Ohio St., 279, 148 N. E. (2d), 57.

Defendant's Special Request No. 4 reads:

"I hereby charge you as a matter of law that no matter what you may find concerning the condition of the light at the time the vehicle of defendant Phillis Wheatley Association entered the intersection if you find that plaintiff Richard J. Prather just as he was approaching or entering the intersection discovered or in the exercise of reasonable care should have discovered that the driver of defendant's jeep was in a perilous situation, it was the duty of plaintiff Richard J. Prather to use ordinary care to avoid the accident and if you find that he did not, then your verdict must be for the defendant Phillis Wheatley Association."

It is conceded by the appellant that this requested charge,

having omitted therefrom the very necessary element that plaintiff's failure to use ordinary care would have to contribute proximately to cause the accident, was erroneous. The refusal of the court to give this charge was justified.

The second assignment of error claimed by the appellant is that the court erred in submitting to the jury before argument certain written requests to charge submitted by plaintiff-appellee. Though appellant's assignment under this heading refers to charges plural, there is but one charge argued in appellant's brief, and it relates to Special Charge No. C, which reads:

"I charge as a matter of law that if you find by a preponderance of all the evidence that the defendant's driver, Governor Childs Dillard, Jr., was careless or negligent in any one or more of the acts of negligence complained of by the plaintiff, and that defendant's negligence proximately brought about the collision, the defendant, Phyllis Wheatley Association, is liable for such damage as directly and proximately results therefrom."

Under the evidence as we read it, the charge as given, omitting all reference to the possibility that the jury might find that plaintiff's conduct constituted contributory negligence, we determine and hold that it was prejudicial error to give this charge.

Under the assignment of error designated: "There was error in the Court's charge to the jury," appellant specifies that "The lower court erred in its general charge in instructing the jury that it could take into consideration future pain and suffering and permanent injuries, although the injuries complained of at the time of the trial were subjective in nature and there was no medical evidence to support the complaints."

Upon a careful reading of the bill of exceptions, we are satisfied that the injuries complained of were of a subjective nature; that there was no medical evidence to support any claim of future pain or permanent injury as to headaches and a pain to the right eye. Neither the hospital records of the Cleveland Clinic nor the testimony of Dr. Warren H. Gardner, an audiologist (not a medical doctor) meet the requirement laid down by the Supreme Court in the case of *Day* v. *Gulley,* 175 Ohio St., 83.

We cannot subscribe to the argument that the examining doctor for defendant in his testimony as reported in the bill of exceptions to the effect:

"Q. And you don't deny or have any reason to disbelieve that Mr. Prather has these headaches at the present time, that he has this trouble with his right eye, and that he has these dizzy spells, has had these dizzy spells and feeling of imbalance, is that correct?

"A. I think Mr. Prather's honest in his estimation of his complaints, yes.

"MR. CHASE: Thank you, Doctor."
was the character specified as a basic requirement to justify consideration by the jury of future pain and permanency as set forth in the case of *Day* v. *Gulley, supra*. It is our determination and we hold that in the absence of medical evidence to support the claim of future pain and permanency of the injury to plaintiff it was prejudicial error on the part of the court to submit to the jury these claims for their consideration.

We further hold that the two-issue rule contended by the plaintiff has no application to this question.

In an additional ground of error cited under No. VI of appellant's brief, it is claimed that "The Lower Court erred in failing to find that plaintiff's own testimony and the admitted facts and circumstances disclosed that the collision was proximately caused or contributed to by the plaintiff's own negligence and that he is therefore barred from recovery."

A careful reading of the bill of exceptions discloses a very definite conflict in the evidence as to how the collision occurred. It is clear to us that the respective versions as to the collision presented quite definitely a factual situation that required a submission thereof to the jury under proper instructions by the court. Even though we were to assume that certain facts were testified to by a party, there is always present the question whether a jury hearing the case would conclude that such admitted facts constituted negligence, if they are of a nature that a court would not be justified in saying that such facts, having been admitted, do not constitute negligence as a matter of law.

The fourth assignment of error is that the court erred in overruling the appellant's motion for a new trial. Having found and determined that the trial court committed prejudi-

cial error in the respects set forth above, we conclude and hold that the court should have sustained a motion for a new trial.

In view of our holdings as hereinabove noted, we do not deem it necessary to consider the fifth and sixth assignment of error.

We, therefore, hold that the judgment of the Court of Common Pleas should be and is reversed and the cause is remanded to said court for further proceedings according to law.

SKEEL, P. J., SILBERT and ARTL, JJ., concur.